Shearer, O. J.
The question presented by the demurrer is to be determined by the construction of sec. 1717 of the Rev. Stat., which provides, among other things, that “no member of council shall be eligible to any other office, or to a position on any board provided for in this title, or created by law, or ordinance of the council, except as provided in the .seventh division of this title.”
The seventh division concerns boards of improvements, boards of administration and the like, and in no way affects the question before us.
It is argued that this section, properly understood, forbids the election or appointment of a councilman to membership of a board of education, or to any other board cre'ated by law; that boards of education are created by law and, that therefore a councilman is not eligible thereto.
For the defendant it is insisted that his election to the school board did not violate sec. 1717; that the meaning of the section is that no member of council shall be eligible to any other office, or to any board created by law or ordinance of council — that is created by law of the council, or by ordinance of council. That this must be so because the offices are not incompatible; that they are not .within the prohibition of section 18 of the Revised Statutes,nor do the duties of boards of education in any way conflict with or affect the duties óf municipal councils.
It is also claimed that sec. 1717 applies only to such boards the members of which are selected or appointed by council. ‘
At common law, the acceptance by an officer of another office incompatible with the first,ipso facto vacated the first.
But the appointment of a councilman to another office *166 which he is ineligible to fill is absolutely void. State ex rel. v. Kearns, 47 O. S., 560. If, therefore, under the provisions of section 1717 a councilman is ineligible to the office of member of a board of education, the defendant’s election to that office is void and he should be ousted, and it becomes unnecessary to determine whether -or not the offices are incompatible.
The provision of section 1717 now under review was introduced into the|statute|by an act to amend the municipal code passed April 18, 1870 (67 0.[;L. 69) and reads and is punctuated as follows:
“No member of^[council shall be eligible to any other office, or to any position on any board provided for in this chapter, or created by any law or ordinance of council save as provided in chapter 46 of this act.”
In the present section there is a comma between the words “law” and “or”,[which is not found in the old section; and it~is argued^from this circumstance that the legislature intended^to confine the prohibition to boards created by a law or.an ordinance^passed by council; that the comma is an interpolation and should not be regarded in the construction of the new section.
Councils do not paes^Maws” but express Iheir legislative will by ordinances and resolutions; and a reasonable construction ofJ:he¿]anguage of the'original section is that the ineligibility therein declared extends to any board created by a law of the[state or by an ordinance of a,mnnicipal corporation.'
Doubtless the commissioners of revision; in compliance with the duty imposed upon them by the act providing for the consolidation and revision of the statutes, introduced the comma into the new section to relieve it of any ambiguity which might have been supposed to exist in the original enactment (72 O. L.[87), and the general assembly for the same reason®permittedj¡the comma to remain when the re *167 vision was adopted by that body. With the propriety of the law we have nothing to do. It is an act which the general assembly were empowered to enact- — and thus the law is written.
H.S.Monnett,Attorney General,and Horace W.Stafford, Prosecuting Attorney, for Relator.
Marcus Shoup, for Defendant.
The authorities cited by counsel do not seem to be in point and are not helpful in the solution of the question herein considered.
We are of opinion, that the defendant was ineligible to election as member of the board of education, by reason of his membership of the council of the incorporated village of South Charleston at the time of .such election.
Judgment of ouster.